481 So.2d 1272 (1986)
Connie BIANCARDI, Appellant,
v.
PROVIDENCE SQUARE ASSOCIATION, INC., State Farm Fire and Casualty Company and Empire of America, Fsa, Appellees.
No. 85-461.
District Court of Appeal of Florida, Fifth District.
January 16, 1986.
*1273 Michael S. May, DeLand, for appellant.
Harlan L. Paul of James, Zimmerman, Paul & Clayton, DeLand, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment granting reformation of a recorded Declaration of Condominium changing appellant's interest in the common elements of the condominium from 40% to 25%.
Appellant purchased Units four and five of the five-unit condominium.

The Declaration of Condominium, which was duly filed with the state, along with the Articles of Incorporation and By-Laws of the Condominium were furnished to appellant when she bought her units. According to the documents she owned a 40% interest in the common elements and common *1274 surplus of the building for the combined ownership of her two units. When the entire structure was destroyed by fire the condominium association informed appellant that she was entitled to a 25% share of the insurance proceeds based upon the fact that her two units comprised only a 25% mass of the building. Appellant countered the association by displaying the recorded documents which revealed her interest to be 40% of the common elements and common surplus of the building. The judge agreed with the association and declared that appellant owned an interest of 12.5% each for the two units based upon equitable principles. Accordingly, the trial court reformed the Declaration of Condominium to read as follows:
(a) Common Elements and common surplus. The undivided share in the land and other common elements and in the common surplus which are appurtenant to each office is as follows:

 Undivided Share in Common
Unit Number Elements and Common Surplus
 1 .25
 2 .25
 3 .25
 4 .125
 5 .125

Condominium Declarations like Articles of Incorporation, City Charters and other documents filed with the Secretary of State are not like deeds, mortgages or other documents subject to reformation on account of mistake or scrivener's error. While deeds, etc., contemplate dealings between two or more parties, a Declaration of Condominium comes into being by unilateral act. The only way the document may be altered is by amending it in accordance with the proper statutory prerequisites. A scrivener's error or like mistake may be corrected unilaterally by the developer or its successor by following the proper procedure in Tallahassee.
The trial court's finding of a mutual mistake is erroneous. The developer sold the units according to the Declaration of Condominium and other recorded documents and appellant paid for no more or no less than what the original specifications contained within those documents provided. Any fault or inequity alleged lies with the original draftsman of the Declaration of Condominium and related documents. There are some mistakes which a court cannot correct and this is one example. The courts cannot change a Declaration of Condominium any more than it can give a corporation or a municipality powers which are not specifically set out in their Articles of Incorporation. We note that the Declaration of Condominium is not ambiguous nor does it conflict with any provision of the condominium statute, so as to require construction by the court.
The judgment is reversed and this cause remanded for further proceedings.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.